No. 81-311

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

---

STATE OF MONTANA,

  Plaintiff and Respondent,

  -vs-

JOHN ALLEN BIGSMOKE,

  Defendant and Appellant.

---

Appeal from:  District Court of the Fourth Judicial District,
              In and for the County of Lake, The Honorable
              Jack L. Green, Judge presiding.

Counsel of Record:

  For Appellant:

      R. J. Pinsoneault, St. Ignatius, Montana

  For Respondent:

      Hon. Mike Greely, Attorney General, Helena, Montana
      Richard P. Heinz, County Attorney, Polson, Montana

---

Submitted on Briefs:  December 17, 1981

Decided:  March 25, 1982

Filed:  MAR 25 1982

*Thomas J. Kearney*
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

On May 16, 1973, petitioner John Allen Bigsmoke appeared with court-appointed counsel before the District Court of the Fourth Judicial District, Lake County, Polson, Montana, and entered a plea of guilty to the crime of lewd and lascivious acts upon a child, in violation of section 94-4106, R.C.M. (1947). This plea was accepted as a compromise for petitioner's previous plea of not guilty to a charge of rape. Petitioner was sentenced to twenty years in the state penitentiary. After being denied relief by the Sentence Review Board and having parole revoked twice, petitioner filed this post conviction relief petition, requesting either reduction of sentence or withdrawal of guilty plea. This appeal results because the District Court, after hearing, denied petitioner relief.

Two principal questions encompass the issues raised on appeal:

(1) Whether the District Court abused its discretion in refusing to allow petitioner to withdraw his guilty plea?

(2) Whether the District Court erred in concluding petitioner was not deprived of effective assistance of counsel at plea entry?

The first issue is dispositive, however, because petitioner's contention that he received ineffective assistance of counsel is predicated solely upon a conclusion that his guilty plea was entered without understanding or voluntariness.

On July 23, 1980, at hearing on petition, Bigsmoke testified that original defense counsel told him that if he pleaded guilty to the lesser charge he would probably get

off with three years suspended. He contends that because his plea was entered with that understanding, he is entitled to withdraw such plea since the sentence imposed did not conform to his expectations. Defense counsel from the original proceeding died in 1974 so there was no way to refute or verify petitioner's testimony regarding their pre-plea entry discussions. Petitioner also testified that he did not understand what the crime of lewd and lascivious acts with a child was as neither the court nor counsel explained the elements of the lesser charge to him; accordingly, he contends he could not enter a voluntary and understanding plea.

The District Court found otherwise. Absent an abuse of discretion the lower court's judgment in granting or denying petitioner relief will not be disturbed. State v. Nance (1947), 120 Mont. 152, 184 P.2d 554; Accord, State v. Lewis (1978), 177 Mont. 474, 582 P.2d 346.

State v. Huttinger (1979), _____ Mont. _____, 595 P.2d 363, 36 St.Rep. 945, sets forth the factors a lower court should consider in determining whether a guilty plea should be withdrawn. We find no abuse of discretion in the lower court's application of those factors to the instant case. The court's interrogation of defendant at entry of plea adequately revealed his understanding of the charge and consequences of his plea despite petitioner's testimony to the contrary six and one-half years later. At entry of plea, the court specifically asked Bigsmoke if his plea resulted from any promises of leniency; he replied "no." Further the court informed the defendant that the maximum penalty was twenty-five years for the charge to which he

-3-

pleaded and that the court alone had the power to impose sentence within that parameter; the defendant indicated that he understood. The lower court is not compelled to accept petitioner's unsupported, if not opportunistic, assertion that his guilty plea was entered solely upon misrepresentations of now deceased counsel when the plea entry transcript is devoid of any indication that, at that time, defendant had concrete expectations as to the sentence he would receive. Moreover, the District Court was entitled under In re McNair (1980), ____ Mont. ____, 615 P.2d 916, 37 St.Rep. 1487, to consider the long delay in filing the motion to withdraw in assessing petitioner's credibility during the 1980 hearing. Finally, noting that petitioner had received the benefits of the 1973 plea bargain, the District Court correctly considered the possible adverse impacts on the prosecution were the court to presently set aside petitioner's obligations under that bargain and reopen the case anew. See State v. Haynie (1980), ____ Mont. ____, 607 P.2d 1128, 37 St.Rep. 415.

The judgment of the lower court is hereby affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

-4-