No.   95-261

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

FILED

MAY 29 1996

CLERK OF SUPREME COURT
STATE OF MONTANA

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

RANDY WEAVER,

      Defendant and Appellant.

---

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

            William F. Hooks, Appellate Defender, Helena
Montana

      For Respondent:

            Hon. Joseph P. Mazurek, Attorney General,
Carol Schmidt, Ass't Attorney General,
Helena, Montana

            Dale Mrkich, Deputy Yellowstone County Attorney,
Billings, Montana

---

Submitted on Briefs:  April 4, 1996

Decided:  May 29, 1996

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Randy Weaver (Weaver) appeals from judgments and sentences of the Thirteenth Judicial District Court, Yellowstone County, entered on his convictions for the offenses of issuing bad checks, assault and domestic abuse. We vacate the judgments and sentences and remand with instructions.

Weaver raises the following issues on appeal:

1. Did the District Court abuse its discretion in failing to rule on Weaver's motion to withdraw his guilty pleas?

2. Did the District Court err in failing to inquire into Weaver's contention that his counsel rendered ineffective assistance?

On October 25, 1994, the State of Montana (State) charged Weaver by Information with the following offenses: issuing bad checks, a felony, in violation of § 45-6-316, MCA; assault, a felony, in violation of § 45-5-202(2)(b), MCA; and domestic abuse, a misdemeanor, in violation of § 45-5-206(1)(c), MCA. Weaver pled not guilty to all of the charges.

On January 26, 1995, the State moved for leave to amend the Information against Weaver regarding the felony assault charge. Weaver did not object and the District Court amended the Information by interlineation; the felony assault charge was dropped and Weaver was charged with assault, a misdemeanor, in violation of § 45-5-201(1)(d), MCA. On that same day, Weaver withdrew his not guilty pleas and pled guilty to the charges of issuing bad checks and domestic abuse. He also pled guilty to the

2

misdemeanor assault charge contained in the amended Information. Weaver signed an "Acknowledgement of Waiver of Rights by Plea of Guilty" covering all three charges.

Weaver subsequently filed a document entitled "Application for Plea Reversial [sic]" seeking either permission to withdraw his guilty pleas or dismissal of all charges against him. He based his request on allegations of prosecutorial misconduct and ineffective assistance of court-appointed counsel. The following day, Weaver filed a "Motion to Relieve Counsel" requesting that the District Court allow him to proceed pro se.

On March 29, 1995, the District Court held a sentencing hearing. The court asked Weaver if he had "any cause to show why this Court should not pronounce your sentence at this time?" Weaver replied that he did, and referred the court to his pending motions. In response, the District Court stated:

> The Court has reviewed most of the motions that have been filed in these matters, and I don't see where they will have anything to do with the sentencing in this matter, Mr. Weaver.

The District Court proceeded to sentence Weaver on all three charges. Weaver appeals.

1. Did the District Court abuse its discretion in failing to rule on Weaver's motion to withdraw his guilty pleas?

Weaver argues on appeal that the District Court erred in failing to rule on his motion. The State does not address Weaver's argument per se. Rather, the State seems to assume that the court's failure to "formally" rule on Weaver's motion to withdraw his guilty pleas constituted a denial of that motion. It argues,

3

on the merits, that the denial was not an abuse of discretion.

At the outset, we cannot agree with the State's characterization that the District Court denied Weaver's motion to withdraw his guilty pleas. The District Court's statement that it had "reviewed most of [Weaver's] motions" is insufficient to even advise this Court that it was aware of, and had actually reviewed, Weaver's motion to withdraw his guilty pleas. Moreover, the District Court's statement that it did not "see where [the motion] will have anything to do with sentencing in this matter . . ." can only be interpreted as a determination by the court that it would not consider Weaver's motion. Had the District Court intended to deny Weaver's motion on the merits, we are confident that it would have met the requirement of State v. Milinovich (1994), 269 Mont. 68, 75, 887 P.2d 214, 218, that district courts "explain their reasoning when refusing motions to withdraw guilty pleas." See also State v. Azure (1977), 175 Mont. 189, 193, 573 P.2d 179, 182. Consistent with that requirement, we have stated:

> That a trial court has a right to exercise its discretion does not mean that a trial court should not disclose the reasons underlying a discretionary act. Absent these reasons, we as an appellate court, are left to guess as to why the trial court made a particular decision.

State v. Stumpf (1980), 187 Mont. 225, 226, 609 P.2d 298, 299.

Section 46-16-105(2), MCA, provides that "[a]t any time before or after judgment the court may, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." No set rule or standard exists under which a district court considers a motion to withdraw a guilty plea; each

4

case must be considered in light of its unique facts. state v. Enoch (1994), 269 Mont. 8, 11, 887 P.2d 175, 177 (citing State v. Radi (1991), *250* Mont. 155, 158-59, 818 P.2d 1203, 1206).

We repeatedly have stated that a motion to withdraw a guilty plea "rests within the District Court's discretion and the exercise of that discretion will not be disturbed absent an abuse of discretion." State v. Miller (1991), 248 Mont. 194, 197, 810 P.2d *308,* 310; Benjamin v. McCormick (1990), 243 Mont. 252, 256, 792 P.2d 7, 10; State v. Mesler (1984), 210 Mont. 92, 96, 682 P.2d 714, 716 (emphasis added). Likewise, we have stated that "[t]he granting or *refusal* of permission to withdraw a plea of guilty and substitute a plea of not guilty rests in the discretion of the District Court ." State v. Arbgast (1983), 202 Mont. 220, *223, 656* P.2d 828, 830 (emphasis added).

Thus, while it is true that we generally defer to discretionary decisions of district courts, this rule presupposes that the court did, in fact, exercise its discretion. Indeed, our abuse of discretion standard of review can only be premised on the district court having exercised its discretion; otherwise, there is nothing for us to review. Therefore, we conclude, as have courts from other jurisdictions, that a court's failure to exercise its discretion is, in itself, an abuse of discretion. See, e.g., State v. Colton (Conn. 1995), 663 A.2d 339, 349; Johnson v. United States (D.C. 1979), *398* A.2d 354, 363.

Accordingly, we hold that the District Court's failure to rule on Weaver's motion to withdraw his guilty pleas prior to sentencing

constituted an abuse of the court's discretion. It is necessary, therefore, to remand this case to the District Court for its consideration and decision on Weaver's pending motion to withdraw his guilty pleas. If the court grants Weaver's motion, then this case will proceed to trial. If, on the other hand, the court denies Weaver's motion, the court should provide its rationale for the denial so that we have a basis upon which to review its decision in the event of a subsequent appeal. See Stumof, 609 P.2d at 299.

2. Did the District Court err in failing to inquire into Weaver's contention that his counsel rendered ineffective assistance?

As previously stated, Weaver based his motion to withdraw his guilty pleas, in part, on allegations of ineffective assistance of counsel. Weaver attached a document captioned "Allegations" to his motion to withdraw his guilty pleas in which he set forth the following complaints regarding the performance and conduct of his attorney:

(1) . . That [Weaver's] right to a "Preliminary Hearing" as stated in M.C.A. was waived without [his] consent. . . .

(2) . . That on the 26th day of January 1995, [Weaver] was decieved [sic] by the Yellowstone County Public Defender's Office by same withholding vitil [sic] information, that had [he] seen this, he would have never pled guilty.

. . .

(4) The Yellowstone County Public Defenders Office never did prepare . his case for trial, that they had no intentions of providing [him] with proper representation[;] after [he] wrote to a District Court Judge complaining of "inefficient counsel, and professional misconduct" . . the Public Defender's

6

Office came to the Yellowstone County Detention Facility and bombared [sic] [him] with abusive language and profanity.

(5) That [he] has proof of allegations stated above, and has since filed motions with the Montana Bar Association, seeking action against parties involved.

Weaver also filed a "Motion to Relieve Counsel" and requested that the District Court "grant [him] a pro se' [sic] status, and thereby relieve present council [sic] ."

At the sentencing hearing, Weaver referred the District Court to his pending motions, which included his motion to proceed pro se and the ineffective assistance allegations attached to his motion to withdraw his guilty pleas. The District Court did not consider or rule upon Weaver's motion to "relieve" counsel; rather, the court indicated that Weaver could pursue an ineffective assistance claim through habeas corpus proceedings.

Weaver argues on appeal that the District Court erred by failing to inquire into his allegations of ineffective assistance of counsel. The State does not address Weaver's argument regarding the court's failure to conduct an inquiry; rather, it sets forth and discusses Weaver's burden of proof in establishing an ineffective assistance claim and argues that, based on the record, Weaver did not raise "substantial complaints" regarding his counsel's representation. We agree with Weaver that the threshold issue is not whether counsel was ineffective, but whether the District Court erred in failing to make an adequate inquiry into his claim of ineffective assistance of counsel.

The Sixth Amendment to the United States Constitution and

Article II, section 24 of the Montana Constitution guarantee a criminal defendant the right to the assistance of counsel. The assistance must be effective in order to give true meaning to that right and to the right to a fair trial. See State v. Enright (1988), 233 Mont. 225, 228, 758 P.2d 779, 781. The right is fundamental and applies with equal force to all persons, regardless of their ability to compensate an attorney. Enright, 758 P.2d at 781 (citing Gideon v. Wainwright (1963), 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799). Additionally, the right to the assistance of counsel does not prohibit a defendant from rejecting the assistance of counsel. Enright, 758 P.2d at 781 (citing State v. Strandberg (1986), 223 Mont. 132, 724 P.2d 710).

District courts must conduct a hearing to determine the validity of a defendant's claim of ineffective assistance of counsel upon a showing of seemingly substantial complaints. See State v. Finley (Mont. 1996), ___ P.2d ___, ___, 53 St.Rep. 310, 318; State v. Morrison (1993), 257 Mont. 282, 285, 848 P.2d 514, 516; Enrisht, 758 P.2d at 782. Indeed, a district court should substitute counsel if it appears that failure to do so would substantially impair or deny the defendant's right to the effective assistance of counsel. See Enright, 758 P.2d at 782 (citing Peters v. State (1961), 139 Mont. 634, 636, 366 P.2d 158, 159).

"In determining if [the] defendant presented a seemingly substantial complaint about counsel, it follows that the district court must make an adequate inquiry into the defendant's complaints." Finlev, 53 St.Rep. at 318. When a defendant files a

8

motion to remove his attorney based on allegations of ineffective assistance, whether through a motion for substitution of counsel or a motion to proceed pro se, the district court must make a critical analysis of the defendant's complaints regarding his counsel and make an initial determination of whether the defendant has presented seemingly substantial complaints. See Finlev, 53 St.Rep. at 318.

As with Weaver's motion to withdraw his guilty pleas, the District Court's statement that it had "reviewed most of [Weaver's] motions" is insufficient to even assure this Court that the District Court actually reviewed Weaver's motion to remove his court-appointed counsel. Most importantly, the record is devoid of any indication that the court made even a cursory inquiry into Weaver's complaints about his counsel's representation.

Accordingly, we conclude that the District Court erred in failing to inquire into Weaver's allegations of ineffective assistance of counsel and in failing to make an initial determination of whether Weaver presented seemingly substantial complaints. It is necessary, therefore, to remand this case to the District Court so that it can make an adequate inquiry into Weaver's allegations and determine whether he has presented seemingly substantial complaints. If the court determines that Weaver has presented seemingly substantial complaints, the court will proceed accordingly and conduct a hearing to determine the validity of Weaver's complaints. If, on the other hand, the court determines that Weaver has not presented seemingly substantial

9

complaints, then the court **will** deny Weaver's **motion to remove his** attorney. Finally, if the District Court ultimately denies the defendant's motion, the court should provide its rationale so that we have a basis upon which to review the decision in the event of a subsequent appeal. See Stumpf, 609 P.2d at 299.

We vacate the judgments and sentences and remand to the District Court for further proceedings consistent with this opinion, including the reinstatement of the judgments and sentences in the event the court denies both Weaver's motion to withdraw his guilty pleas and his motion to proceed pro se.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

10

May 29, 1996

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

William F. Hooks
Appellate Defender
Capitol Station
Helena, MT 59624

Hon. Joseph P. Mazurek, Attorney General
Carol Schmidt, Assistant Attorney General
Justice Building
Helena, MT 59620

Dale Mrkich, Deputy County Attorney
Yellowstone County Attorney's Office
P.O. Box 35025
Billings, MT 59107

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy