No. 01-454

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 157N

STATE OF MONTANA,

      Plaintiff and Respondent,

  v.

WILLIAM CASPAR CRAWFORD,

      Defendant and Appellant.


APPEAL FROM:    District Court of the Eleventh Judicial District,
                      In and for the County of Flathead,
                      The Honorable Katherine R. Curtis and Stewart Stadler, Judges presiding.


COUNSEL OF RECORD:

      For Appellant:

           Matthew J. Sisler, Missoula, Montana

      For Respondent:

           Mike McGrath, Montana Attorney General, C. Mark Fowler, Assistant
      Montana Attorney General; Thomas J. Esch, Flathead County Attorney,
  Edward Corrigan, Deputy Flathead County Attorney, Kalispell, Montana


                        Submitted on Briefs:  January 24, 2002
                                    Decided:  July 16, 2002

Filed:


                            Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     Respondent State of Montana filed an Information in the Eleventh Judicial District Court, Flathead County, charging Appellant William Crawford with the felony offenses of criminal production or manufacture of dangerous drugs and use or possession of property subject to criminal forfeiture.  Prior to trial, Crawford moved to substitute his court-appointed counsel and the District Court denied his motion.  A jury subsequently convicted Crawford of both offenses.  Following trial, Crawford filed a "Motion for Mistrial" based, in part, on allegations of ineffective assistance of his court-appointed counsel.  The District Court denied Crawford's motion.  Crawford appeals the District Court's denial of his motion to substitute counsel and his "Motion for Mistrial."  We affirm.

¶3     We address the following restated issues on appeal:

¶4     1.   Did the District Court err when it denied Crawford's pretrial motion to substitute his court-appointed counsel?

¶5     2.   Did the District Court err when it denied Crawford's "Motion for Mistrial" without holding an evidentiary hearing?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶6 On August 22, 2000, the State filed an Information against William Crawford, charging him with one count of criminal production or manufacture of dangerous drugs, a felony, in violation of § 45-9-110(1), MCA, and one count of use or possession of property subject to criminal forfeiture, a felony, in violation of § 45-9-206(1), MCA. With the aid of his court-appointed counsel, Crawford pled not guilty to the offenses on September 7, 2000.

¶7 On October 26, 2000, Crawford's father filed a motion on Crawford's behalf which requested that the District Court "order the firing of my attorney" as Crawford did not "feel that he can adequately represent my interests." Essentially, the motion was based on ineffective assistance of counsel allegations. The District Court denied Crawford's motion on November 16, 2000, and the case proceeded to trial. On December 21, 2000, a jury found Crawford guilty of both offenses.

¶8 On December 29, 2000, stemming from a rather acrimonious attorney-client relationship, Crawford's attorney filed a motion to withdraw as counsel for Crawford. The District Court granted the motion and ordered the chief public defender to appoint new counsel for Crawford. On January 16, 2001, Crawford's father filed a "Motion for Mistrial" on Crawford's behalf based, in part, on allegations of ineffective assistance of his previously appointed counsel. On February 15 and March 1, 2001, during duly reported probation violation proceedings, the District Court entertained

3

"open discussion regarding the Motion for Mistrial that was filed by the defendant's father." Following the discussion, the District Court denied Crawford's motion.

¶9 It is difficult to determine just what issues Crawford presents for our review. Crawford's opening brief states that he "is appealing the lower court's convictions of criminal production of dangerous drugs and use or possession of property subject to criminal forfeiture against him, alleging ineffective assistance of counsel." This statement, as well as other passages in Crawford's brief, appear to raise an ineffective assistance of counsel claim on direct appeal. However, he frames the issue on appeal as "Whether [the] lower court erred by failing to hold an evidentiary hearing regarding William's motion for mistrial (motion for ineffective assistance of counsel) and by denying William's motion to dismiss his court appointed attorney, when counsel rendered ineffective assistance to William Crawford." In accordance with Crawford's stated issue for review, we presume that Crawford appeals the District Court's denial of his pretrial motion to substitute, and the denial, without hearing, of his "Motion for Mistrial."

## STANDARD OF REVIEW

¶10 It is within the sound discretion of a district court to rule on requests for substitution of appointed counsel and we will not disturb such a ruling absent an abuse of discretion. *State v. Gallagher*, 2001 MT 39, ¶ 4, 304 Mont. 215, ¶ 4, 19 P.3d 817, ¶ 4. A district court's determination of whether to grant a motion for a mistrial must be based on whether the defendant has been denied a

4

fair and impartial trial. *Harding v. Deiss*, 2000 MT 169, ¶ 19, 300 Mont. 312, ¶ 19, 3 P.3d 1286, ¶ 19. We review a grant or denial of a motion for mistrial to determine whether the district court abused its discretion. *Harding*, ¶ 19. In evaluating discretionary rulings, we consider whether the district court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. *Gallagher*, ¶ 4.

## DISCUSSION

### ISSUE 1

¶11 **Did the District Court err when it denied Crawford's pretrial motion to substitute his court-appointed counsel?**

¶12 Crawford contends that "[w]hen the court denied his motion and forced [him] to be represented by [the court-appointed attorney], [his] rights to due process of law were substantially and adversely affected, as the actions and inactions of [his] court appointed attorney resulted in prejudice to [him] . . . ." However, Crawford does not expand on how the District Court erred when it denied his pretrial motion or offer any authority in support of this assertion. Crawford simply recites a laundry list of purported representational inadequacies in an attempt to document his ineffective assistance of counsel allegation.

¶13 The Sixth Amendment to the United States Constitution and Article II, Section 24 of the Montana Constitution guarantee a criminal defendant the right to the assistance of counsel. The right to counsel is fundamental and applies with equal force to all persons, regardless of their ability to compensate an attorney. *City of Billings v. Smith* (1997), 281 Mont. 133, 136, 932 P.2d

5

1058, 1060. A district court should substitute counsel if it appears that failure to do so would substantially impair or deny the defendant's constitutional right to the assistance of counsel. *State v. Weaver* (1996), 276 Mont. 505, 511, 917 P.2d 437, 441.

¶14 In the event that a criminal defendant presents a "seemingly substantial complaint" regarding the effectiveness of counsel, the court should conduct a hearing to address the merits of the defendant's claims and the request for substitution of counsel. *State v. Gallagher*, 1998 MT 70, ¶ 14, 288 Mont. 180, ¶ 14, 955 P.2d 1371, ¶ 14. In determining if the defendant presented a seemingly substantial complaint about counsel, the district court must make an adequate inquiry into the defendant's complaints. *Weaver*, 276 Mont. at 511, 917 P.2d at 441. We have recognized that such an initial inquiry may be adequate where the court "considered the defendant's factual complaints together with counsel's specific explanations addressing the complaints." *City of Billings*, 281 Mont. at 136-37, 932 P.2d at 1060. If, after an adequate initial inquiry, the court concludes that the defendant has failed to present seemingly substantial complaints, it need not conduct a hearing on the merits. *See City of Billings*, 281 Mont. at 141, 932 P.2d at 1063. On appeal, the threshold issue in determining whether a substantial complaint exists is "not whether counsel was ineffective, but whether the District Court erred in failing to make an adequate inquiry into [a defendant's] claim of ineffective assistance of counsel." *Weaver*, 276 Mont. at 511, 917 P.2d at 441.

¶15 Crawford filed his "Motion to Fire My Attorney" on October 26, 2000. In the motion, Crawford expressed dissatisfaction with the

6

purportedly nonexistent communication between he and his attorney and a general distrust for his court-appointed counsel. On November 16, 2000, the District Court held a status hearing for the case, at which time it addressed Crawford's motion.

¶16 At the status hearing, the District Court, Crawford, and Crawford's attorney engaged in the following discussion:

> District Court: Mr. Crawford's father filed a motion with regard to his continued – his son's continued representation by you.
>
> Crawford's attorney: There are several things about the case that he's dissatisfied about. There is some information he's requested that we don't quite have yet. We don't have the crime lab report back yet. . . .
>
> There are some search issues that Mr. Crawford has that he would like to have a hearing on, and I believe what we would have to probably do then is potentially expedite a suppression hearing and motion so those matters could be fully heard.
>
> He's got some grave concerns about the way the search was carried out, some concerns about whether it was done properly, whether a warrant was served properly, and he hasn't gotten adequate answers to those yet, and I'm not sure that we have got all the information that we need to get those answers. We're working on that at this time.
>
> . . . .
>
> . . . He was concerned that – as you can see in his motion, that the preliminary was waived without his specific acknowledgment of that. That is probably correct. This case had absolutely no reason to have a preliminary hearing, so I didn't have a preliminary hearing.
>
> The omnibus form I filled out . . . . [Crawford] was upset that he was not able to do that with me . . . . I did explain to him that that was not a hearing, as such, because we don't hold those in that fashion, but that it is a form that is filled out by counsel . . . . He was given [a] copy of that when it was done . . . .
>
> . . . I'm prepared to carry on with the case and continue with it and do what needs to be done.

7

Crawford: I mean I have been here almost six months . . . . He's waived everything; I have not waived anything. He just told me about ten minutes ago that he's not going to file any motions or anything on my search warrant because he believes that it was true and valid.

. . . .

He has yet to sit down and go through any of my paperwork with me. He will tell me what is going to go on ten minutes before it goes on. If that's justice in this country, I want out of it. This is not right.

Crawford's attorney: I didn't tell him that I wouldn't file motions. I certainly discussed what I feel the merit of his various concerns are with him . . . . But that certainly does not mean, regardless of whether I might feel merit-wise whether a motion might be successful or not, that we will not pursue that motion.

I didn't tell him I wouldn't file motions on his behalf. We have discussed whether I think they will be successful, as we do with all our clients.

District Court: [C]an you sit down with Mr. Crawford for a lengthy period of time between now and next Wednesday and go over his paperwork with him and discuss his case with him?

Crawford's attorney: Yes, I certainly can, Judge.

. . . .

District Court: I'm not going to grant your father's motion to fire your attorney. I'm going to and have requested [your attorney] to sit down for a lengthy period of time and go over your case with you between now and next Wednesday.

. . . .

Your lawyer has the obligation to learn from you what he needs to know about the case, and to analyze it within the context of the law – which only he knows, not you – and to make a determination as to whether it's a potentially well-taken motion or not. And he has an obligation to his profession and to the Court to not file that motion if he thinks it's not well-taken. Okay? So that's the line that [your attorney] has to walk, all right?

8

. . . .

Okay. I believe – at least I don't see anything at this point that suggests to me that [your attorney] is not going to adequately represent you.

. . . .

Mr. Crawford, if [your attorney] makes arrangements to sit down with you, and if you go over your case, and if you still have dissatisfactions with him that are derived not from your attitude at this point but from further failures which you perceive on his behalf, you need to make sure that you let [the Court] know about those. Okay. Thank you.

¶17 As it turns out, counsel for Crawford did file a motion to suppress as Crawford requested. The motion was heard and denied. Crawford does not appeal from the denial of his suppression motion.

¶18 Based on the foregoing, it is clear that the District Court considered Crawford's factual complaints together with his attorney's specific explanations regarding the complaints. The District Court's investigation into the matter was certainly sufficient to qualify as an "adequate initial inquiry." The District Court presumably found that Crawford did not present seemingly substantial complaints in his motion to substitute counsel and, therefore, denied the motion. We hold that the District Court did not abuse its discretion when it denied Crawford's motion to substitute counsel.

ISSUE 2

¶19 **Did the District Court err when it denied Crawford's "Motion for Mistrial" without holding an evidentiary hearing?**

¶20 Crawford states that "[w]ithout receiving notice that his motion would be heard and without reviewing a response brief to his

9

motion, [he] found that the lower court entertained his motion for mistrial during the court's March 1, 2001, dispositional hearing." Crawford complains that the District Court did not hold an evidentiary hearing to address the issues raised in his "Motion for Mistrial" and, instead, ruled that the matter "should be taken up on appeal." Therefore, Crawford insists that "[a]s [he] has considerable ineffective assistance claims, this cause should be remanded to the district court for entry of findings relative to those ineffective assistance of counsel claims." From what we can deduce, we believe that Crawford has asked us to review the February 15 and March 1, 2001 proceedings in the District Court to determine whether the District Court erred when it denied his motion for mistrial without holding an evidentiary hearing.

¶21 The State contends that we should decline to address this issue on appeal because Crawford has not provided a tape or transcript of the District Court's ruling on his "Motion for Mistrial" and Crawford failed to notify the State of any intent to exclude the tape or transcript from the appellate record. Crawford did not file a reply brief responding to the State's contentions.

¶22 Rule 9, M.R.App.P., provides in relevant part:

> (a) Composition of the record on appeal. The original papers and exhibits filed in the district court, *the transcript of proceedings*, if any, and a certified copy of the docket entries prepared by the clerk of the district court shall constitute the record on appeal in all cases. *It is the duty of a party seeking review of a judgment, order or proceeding to present the supreme court with a record sufficient to enable it to rule upon the issues raised*. Failure to present the court with a sufficient record on appeal may result in dismissal of the appeal and/or the imposition of some other appropriate sanction. [Emphasis added.]

10

¶23 In the minute entries for the February 15 and March 1, 2001 proceedings, the Deputy Clerk of Court indicated that "[a] verbatim record was created by [an] Official Court Reporter." Further, Crawford's opening brief contains four citations to the March 1, 2001 transcript. Therefore, we presume that a transcript of the proceedings exists. However, Crawford has not provided it for our review on appeal. Moreover, he did not serve the State with a description of the parts of the transcripts he intended to exclude from the appellate record.

¶24 Crawford quotes a passage from the pertinent transcript in reference to the District Court's justification for denying his motion. However, we cannot verify the quoted passage's accuracy or be sure that it documents the District Court proceedings and underlying rationale in full. Crawford also maintains that he "documented the facts supporting his ineffective assistance claims in his January 16, 2001, motion for mistrial, and in his October 26, 2000, motion to dismiss his attorney and, as the facts are documented in the lower court's record, the ineffective assistance claims are reviewed on appeal before this Court." Yet, the assertions in Crawford's motions are not "facts," but simply allegations which do not establish a sufficient record for our review of the District Court's judgment, as contemplated in Rule 9, M.R.App.P. As Crawford has failed to provide a record of the relevant District Court proceedings, we have no means to review the grounds for or adequacy of the District Court's consideration of Crawford's "Motion for Mistrial." Therefore, we cannot resolve this issue on appeal.

11

¶25 As noted above, Crawford recites an extensive list of approximately twenty-eight ineffective assistance of counsel allegations in his opening brief. However, his claims rest upon conclusory allegations only. Crawford cites only the contents of his father's "Motion for Mistrial" as a basis for his ineffective assistance of counsel claims. Thus, he provides the Court with self-serving averments of misconduct, but no citations to the official record which would enable the Court to properly review his claims.

¶26 Rule 23(e), M.R.App.P., requires that "[w]henever a reference is made in the briefs to the record, the reference must be to particular parts of the record, suitably designated, and to specific pages of each part . . . ." Crawford's citations to his "Motion for Mistrial" in support of his ineffective assistance allegations simply do not constitute references to suitably designated parts of the record. Without such specific references to the record, we cannot possibly assess the validity of Crawford's conclusory allegations.

¶27 For the foregoing reasons, we affirm the District Court's denial of Crawford's motion to substitute counsel and decline to address whether the District Court erred when it denied Crawford's "Motion for Mistrial" without holding an evidentiary hearing.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY

12

/S/ JIM RICE
/S/ TERRY N. TRIEWEILER
/S/ W. WILLIAM LEAPHART