JUSTICE RICE
concurring in part and dissenting in part.
¶51 I concur with the Court’s resolution of Issue 1. Under Issue 2,1 concur that Admin. R. M. 17.30.715(1) incorporates a consideration of the length of time a discharge will continue, and thus satisfies the requirement of § 75-5-301(5)(c)(iii), MCA, that such regulatory criteria “generally’ consider “length of time.” Opinion, ¶¶ 31, 38. I further agree with the Court that DEQ has misinterpreted Admin. R. M. 17.30.715(2) by limiting the application of that provision to instances where the specific criteria in sub-division (1) fail to account for site-specific conditions or newly acquired information. Sub-division (2) of Admin. R. M. 17.30.715 states that “Notwithstanding compliance with the criteria of (1), the department may determine that the change in water quality ... is degradation based upon ... any other information deemed relevant to the department....” This language-the department “may determine’-clearly grants the department full discretion to undertake review under sub-division (2) regardless of the outcome *213 under sub-division (1). Thus, DEQ has made an error of law-the misinterpretation of a regulation.
¶52 I depart from the Court over the order it ultimately enters because, after properly interpreting the regulation as granting DEQ discretion to act, and thereby correcting the department’s error of law, the Court then takes upon itself the task of exercising the very discretion which we have just explained belongs to DEQ, deciding that DEQ must act-it must engage in nondegradation review under subdivision (2). However, the regulation specifically provides that DEQ may act, and the Court has thus exercised discretion belonging to DEQ.
¶53 The Court is doing what it says it will not do. Despite acknowledging that a court should not substitute its judgment for that of an agency, the Court puts on its environmental hat and does just that-reviews the facts and decides that the appropriate action is for DEQ to undertake with regard to Outfall 001 is to proceed with nondegradation review. Whether nondegradation review should be undertaken pursuant to sub-division (2) is a discretionary decision for the agency to make. This Court can review the exercise of that discretion for abuse if DEQ’s decision is later challenged on appeal, but we should not be making the decision in the first instance.
¶54 The Court has exceeded its authority and acted contrary to the cases it cites. In Weaver, we held the district court abused its discretion by failing to act upon a defendant’s motion to withdraw his guilty pleas. State v. Weaver, 276 Mont. 505, 917 P.2d 437 (1996). Rather than ruling on the motion ourselves, we sent the case back to the district court to undertake its proper duty. Weaver, 276 Mont. at 509, 917 P.2d at 440. The Court cites to language within Columbia Falls Elementary Sch. Dist. No. 6 v. State, 2005 MT 69, ¶ 44, 326 Mont. 304, ¶ 44, 109 P.3d 257, ¶ 44, about the failure to exercise discretion but, actually, that decision illustrates the Court’s error. We held in Columbia Falls that the Legislature had failed to act within its discretion to define “quality education.” Columbia Falls, ¶ 31. Rather than stepping into the Legislature’s shoes and drafting the definition of “quality” ourselves, we required the Legislature to define the term, as was its duty. Columbia Falls, ¶ 31. Similarly, regarding agencies, we have held:
The reviewing court has the duty to determine whether the agency applied the appropriate law and whether its findings of fact are sufficient to justify the agency’s rulings. When the court determines that the agency’s findings are insufficient or that the *214 agency applied the wrong law, it may not use the opportunity to usurp the agency’s role as the trier of fact.
Stewart v. Region II Child & Fam. Servs., 242 Mont. 88, 94, 788 P.2d 913, 917 (1990).
¶55 The briefing in this case explains that nondegradation review is an extensive process. Requiring that process on our own, without the benefit of a factual record on that question and without benefit of the agency’s expertise, is a shot in the dark. We should let the agency exercise its discretion on that issue and act first, in accordance with the corrected interpretation of the regulation we have provided. Fortunately, the Court bases its holding requiring the Department to proceed under (2) “on the facts of this case,” ¶ 40, from which I draw the conclusion that the Court is not requiring the Department to undertake review under (2) in every case. From now on, apparently, the Department will be able to properly exercise its discretion in that regard.
¶56 I concur and dissent.
CHIEF JUSTICE GRAY joining in the concurring and dissenting Opinion of JUSTICE RICE.