FILED

December 2 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 13-0807

DA 13-0807

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 321N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MICHAEL J. DIAMOND,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Seventh Judicial District,
In and For the County of Dawson, Cause No. DC 13-057
Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Paul Sullivan, Measure, Sampsel, Sullivan & O'Brien, P.C.,
          Kalispell, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Tammy A. Hinderman,
          Assistant Attorney General, Helena, Montana

          Olivia Norlin-Rieger, Dawson County Attorney, Marvin L. Howe, Deputy
          County Attorney, Glendive, Montana

Submitted on Briefs: October 22, 2014
Decided: December 2, 2014

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Michael Diamond (Diamond) appeals from the Judgment and Order of Sentence entered by the Seventh Judicial District, Dawson County. Diamond argues that the District Court erred by failing to address his wish to withdraw his guilty plea. Diamond also claims his attorney was ineffective by failing to file a motion to withdraw his guilty plea. We affirm the decision of the District Court. Regarding Diamond's claim of ineffective assistance of counsel, the matter should be raised in the District Court where a record can be developed pursuant to a petition for postconviction relief.

¶3 On June 15, 2013, police observed Diamond driving a vehicle without headlights. The officers stopped the vehicle and Diamond gave false identification. Eventually, Diamond provided his real name and officers discovered that his license was suspended and the vehicle was stolen. After obtaining a search warrant, officers found a white substance that tested positive for cocaine. Diamond was charged by information with felony criminal possession of dangerous drugs, felony theft (later amended to misdemeanor), driving with a suspended license, displaying license plates assigned to another vehicle, and obstructing a peace officer.

¶4    At his initial appearance on July 9, 2013, Diamond indicated that he wished to plead guilty to all charges. After being fully advised of his rights, Diamond stated, "I'm ready to plead guilty" and "I did it. I'm guilty of the crimes." Additionally, after Judge Simonton asked Diamond if he understood the possible sentence of ten years in prison, Diamond replied, "Yes, sir. I do understand. I got caught red-handed."

¶5    Judge Simonton then questioned Diamond's attorney, Mr. Heineman, about his client's decision to plead. Mr. Heineman stated that he had discussed the charges with Diamond twice and there was "not much I can do about it." Diamond further testified that he was satisfied with Mr. Heineman's services.

¶6    On October 2, 2013, Judge Simonton sentenced Diamond to the Montana State Prison for five years on the possession offense. Diamond also received two six-month suspended sentences on the theft and obstruction charges, 60 days all suspended on the driving while suspended charge, and a $50 fine for displaying false license plates.

¶7    At sentencing, probation officer Tara Zody testified. She stated that Diamond told her that the drugs belonged to his wife. Additionally, Ms. Zody's presentence investigation report included a statement by Diamond that he was "thinking about withdrawing my plea." Diamond testified at sentencing, but never stated that he wished to withdraw his guilty plea. The Court also asked Diamond if he wished to make a statement and present information in mitigation of punishment or provide reasons why he should not be sentenced. Diamond declined.

¶8    The Court may permit a guilty plea to be withdrawn "at any time before judgment or, except when a claim of innocence is supported by evidence of a fundamental

3

miscarriage of justice, within 1 year after judgment becomes final." Section 46-16-105(2), MCA. A judgment is final when the time for appealing to the Montana Supreme Court or United States Supreme Court (if an appeal is first taken to the Montana Supreme Court) expires. Section 46-16-105(2), MCA. Judge Simonton sentenced Diamond on October 2, 2013. He filed a notice of appeal with this Court on December 2, 2013. At that time, Diamond was within the one-year period to move to withdraw his guilty plea in District Court.

¶9 A District Court may permit a defendant to withdraw a guilty plea if good cause is shown. Section 46-16-105(2), MCA. Diamond argues that Judge Simonton abused his discretion when he failed to inquire into whether he wished to withdraw his guilty plea after having been advised of Diamond's statements to Ms. Zody. According to Diamond, the statements indicated his intention to withdraw his plea.

¶10 Diamond admits he never filed a motion to withdraw. Instead, Diamond argues his statement that he was "thinking about withdrawing his plea" qualifies as a motion sufficient to require the District Court to inquire. Diamond argues his case is akin to *State v. Weaver,* 276 Mont. 505, 917 P.2d 437 (1996); however, Diamond's situation is distinguishable from *Weaver*. In *Weaver*, the defendant verbally requested to withdraw his plea, but the district court refused to rule on the request. *Weaver,* 276 Mont. at 508, 917 P.2d at 439. Unlike *Weaver*, Diamond never made a motion to withdraw his plea, despite having the opportunity while testifying at sentencing. The District Court did not err when it considered Diamond's statements at sentencing, but did not construe them as

4

an actual request to withdraw. The District Court is not a soothsayer and will not be expected to read defendants' minds. The Judgment of the District Court is affirmed.

¶11 Diamond also challenges his trial counsel's assistance as ineffective. Both the United States and Montana Constitutions guarantee the right to effective assistance of counsel. *State v. Aker*, 2013 MT 253, ¶ 34, 371 Mont. 491, 310 P.3d 506. To prevail on a claim of ineffective assistance of counsel, "the defendant must show that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Whitlow v. State*, 2008 MT 140, ¶ 10, 343 Mont. 90, 183 P.3d 861 (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984)).

¶12 Before reaching the merits of an ineffective assistance claim, the Court "must first determine whether the allegations are properly before the Court on appeal or whether the claim should be raised in a petition for postconviction relief." *Aker*, ¶ 34 (citations omitted). In making this determination, we ask "why counsel did or did not perform as alleged and then seek to answer the question by reference to the record." *Aker,* ¶ 34 (citations omitted). If the claim is based on matters outside the record, we will not address the issue on direct appeal. *Aker*, ¶ 34. "Only through a petition for postconviction relief may the record be developed to explain 'why' counsel acted as alleged, which then allows a reviewing court to determine 'whether counsel's performance was ineffective or merely a tactical decision.'" *Aker*, ¶ 34 (citations omitted).

¶13 In this case, the record is inadequate for review on direct appeal. Diamond argues Mr. Heineman failed to follow his wishes to withdraw his plea. However, the record is

void of any evidence indicating that Diamond decided to withdraw his plea, informed Mr. Heineman, or that Mr. Heineman then refused to file the motion. Consequently, we conclude that Diamond's claims of ineffective assistance of counsel are not appropriate for direct appeal and the matter should be raised in a petition for postconviction relief, where the record may be developed to explain counsel's conduct.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are controlled by settled Montana law, which the District Court correctly interpreted.

¶15 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER