No. 12573

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

_____

NICHOLAS JOHN DiGIALLONARDO,

Petitioner,

vs.

DEAN S. BETZER, Sheriff of
Yellowstone County, Montana,

Respondent.

_____

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

Robert L. Stephens, Jr., Billings, Montana

_____

Submitted August 8, 1973

Decided: NOV 1 1973

Filed: NOV 1 1973

_____
Clerk

PER CURIAM:

This is an original proceeding wherein petitioner seeks postconviction relief. He was convicted of first degree burglary by a jury in the district court of Yellowstone County.

Charles F. Moses, attorney, was employed by petitioner and codefendant, Joseph DeGesualdo, to represent them.

Petitioner's conviction and that of his codefendant was affirmed by this Court in State v. DiGiallonardo and DeGesualdo, ____Mont.____, 503 P.2d 43, 29 St.Rep. 918. On appeal we found that the trial court did not abuse its discretion in denying appellants' motion for continuance, that exhibits admitted were not products of an unlawful arrest and that there was sufficient corroborative testimony presented by the state to allow the use of the testimony of an accomplice.

Petitioner in applying for postconviction relief under section 95-2601, R.C.M. 1947, urges that he was denied effective counsel, that there was a material variance in the averments of the pleadings as to the facts proven denying petitioner his right to be informed of the nature and cause of the accusation as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States and that petitioner was denied his right to due process and to a fair trial as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

Petitioner also urges that this Court reconsider all of the issues that were raised on appeal. With respect to those issues we reaffirm our holding.

The only issue properly raised by petitioner is that he was denied effective counsel.

This Court knows of the competency of trial counsel and that same counsel handled the appeal. Defendant's choice of

counsel cannot later be used as a guise for a new trial where no showing of actual ineffectiveness is made. Here we simply have a new counsel who would have done things differently and who would take every means to spring his client.

The application is denied.