*55 MR. JUSTICE SHEEHY
delivered the opinion of the Court.
Jack G. Standley appeals from a decision of the District Court, Second Judicial District, Silver Bow County, dismissing his petition for post-conviction relief.
Standley filed his petition for post-conviction relief in the Silver Bow District Court on January 4, 1980, relating to his 1956 rape conviction. At the time, he was and still is, an inmate at the Montana State Prison, serving a sentence imposed on him for felony theft on December 2, 1978, in the Thirteenth Judicial District Court, Yellowstone County. The sentence imposed was the maximum permissible sentence. Standley appealed that conviction to this Court. We affirmed his conviction, State v. Standley (1978), 179 Mont. 153, 586 P.2d 1075, 35 St.Rep. 1361.
In his petition for post-conviction relief, Standley requested the Second Judicial District Court, Silver Bow County, to review its 1956 judgment of conviction against him for rape. Standley contends that his plea of guilty to the 1956 rape charge was made without the effective assistance of counsel. Upon his plea of guilty to the rape charge, he was sentenced to ten years in the Montana State Prison. He fully served his sentence for that crime and was released.
The rape conviction was considered by the Thirteenth Judicial District Court, Yellowstone County, when that court sentenced the defendant to the maximum sentence for felony theft in 1978.
The District Court, Silver Bow County, dismissed Standley’s petition for post-conviction relief, concluding that the issue is moot and that proper venue for the petition should have been the Thirteenth Judicial District Court.
On those two grounds, the District Court was in error. Section 46-21-101, MCA, expressly allows the petition for post-conviction relief to be presented to “. . . the court which imposed the sentence . . .” Therefore, venue of the petition for post-conviction relief was proper in the Silver Bow County District Court.
*56 The Silver Bow County District Court found that the petition for post-conviction relief was moot because the ten-year sentence had been served. The United States Supreme Court has held that a criminal case is not moot if there is a possibility that any collateral legal consequence will be imposed on the basis of the challenged conviction. Pollard v. United States (1957), 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393; St. Pierre v. United States (1943), 319 U.S. 41, 63 S.Ct. 910, 87 L.Ed. 1199. We held to the same effect in Town of White Sulphur Springs v. Voise (1959), 136 Mont. 1, 343 P.2d 855. Here, the petition for post-conviction relief is not moot simply because the sentence has been served.
Section 46-21-102, MCA, provides that a petition for post-conviction relief may be filed at any time after conviction. We held in In Re McNair (1980), 189 Mont. 321, 615 P.2d 916, 37 St.Rep. 1487, that section 46r21-102, meant that no statute of limitations, no res judicata, and no doctrine of laches is applicable. (615 P.2d at 917.) Yet we are faced with much the same situation that this Court faced in McNair, in that there has been a long delay before the petition for post-conviction relief has been filed. In the McNair case, it was 8V2 years; in this case, 25 years have elapsed since the conviction on the rape charge.
In McNair, we held that despite the inapplicability of res judicata, laches, and any statute of limitations, the long delay in filing the petition for post-conviction relief raised the question of the good faith and credibility of the applicant. We find that the same situation exists here. In effect, the petition for post-conviction relief, if granted, would require that defendant’s plea of guilty entered to the rape charge in 1956 be allowed to be withdrawn and the rape charge tried on the merits, presuming a plea of not guilty from the petitioner. The impracticality of such a possibility is manifest. We repeat the quotation from United States v. Bostic (D.D.C.1962), 206 F.Supp. 855, 856-57, found in our McNair case:
“Obviously, the burden of proof on a motion to vacate a sentence under 28 U.S.C. § 2255 is on the moving party, because there is a presumption of regularity of the conviction. The burden is par *57 ticularly heavy if the issue is one of fact and a long time has elapsed since the trial of the case. While neither the statute of limitations nor laches can bar the assertion of a constitutional right, nevertheless, the passage of time may make it impracticable to retry a case if the motion is granted and a new trial is ordered. No doubt, at times such a motion is a product of an afterthought. Long delay may raise a question of good faith.”
The petitioner’s record while serving his sentence for rape speaks against his present contention about counsel. After serving three years on the rape charge, he was paroled. While on parole, he had a party at which five girls under the age of 18 were in attendance. During the party, it was charged that he sexually assaulted one of the juvenile girls. Shortly after the incident, he left the State of Montana and a warrant was issued for his arrest. He was arrested in the State of Washington, and returned to Montana as a parole violator, where he finished out his sentence. He was released in 1968.
It might be considered unfair that the District Court in Yellowstone County, in assessing the maximum penalty for the felony theft charge, could consider the past record of the petitioner, including his conviction for the rape charge which he now attacks when the way is not open for defendant to secure post-conviction relief. The unfairness, if it exists, is not of the State’s making. The long delay in petitioning for post-conviction relief over a 25-year period can be attributed only to the petitioner. He must bear the consequences.
The appeal is dismissed.
MR. CHIEF JUSTICE HASWELL and MR. JUSTICE HARRISON concur.