967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Don Jay THOMAS, Petitioner-Appellant,
v.
Jack MCCORMICK, Warden; Henry Burgess, Executive Director,
State Board of Pardons and Parole, Respondents-Appellees.
 No. 91-35644.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 26, 1992.*
Decided June 3, 1992.
 
 Before FARRIS, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Don Jay Thomas, a Montana state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. The district court determined that Thomas did not show cause for his state procedural default. We review de novo, Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989), and we affirm.
 
 
 3
 "In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 111 S.Ct. 2546, 2551 (1991) (citations omitted). Even in the absence of a showing of cause for the procedural default, a federal habeas court may grant a writ of habeas corpus under extraordinary circumstances such as "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986).
 
 
 4
 In 1977, Thomas pleaded guilty to robbery and was sentenced to forty years in prison. Thomas did not pursue a direct appeal.[1] On August 16, 1983, six years after his conviction, Thomas filed a petition for a writ of habeas corpus with the Montana Supreme Court and raised the following claims: (1) ineffective assistance of counsel, and (2) involuntary guilty plea. The Supreme Court construed Thomas's state habeas petition as a petition for postconviction relief, and denied his petition without considering the merits of his claims on the ground that there was delay prejudicial to the state. See In re McNair, 615 P.2d 916 (Mont.1980).[2] Thomas raised the following grounds for federal habeas corpus relief: (1) he received ineffective assistance of counsel; and (2) his guilty plea was not made voluntarily. Because the Montana Supreme Court determined that under state law Thomas was procedurally barred from challenging his guilty plea, this court cannot review the claims presented in Thomas's federal habeas petition unless Thomas shows cause and actual prejudice or a fundamental miscarriage of justice. See Coleman, 111 S.Ct. at 2551.[3]
 
 
 5
 As cause for his procedural default, Thomas contends that (1) he was unaware of court procedures and unable to hire an attorney; and (2) he was denied effective assistance of counsel because his counsel "continually stalled" Thomas and did not present Thomas's claims in a timely postconviction petition. These contentions lack merit.
 
 
 6
 Thomas's first contention fails because ignorance of the legal process does not constitute cause for procedural default. See Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986).
 
 
 7
 Thomas's second contention fails as well. Because Thomas had no right to counsel to pursue his state petition for postconviction relief, "any attorney error that led to the default of [Thomas's] claims in state court cannot constitute cause to excuse the default in federal habeas." See Coleman, 111 S.Ct. at 2568; Pennsylvania v. Finley, 481 U.S. 551, 554-55 (1987) (there is no constitutional right to an attorney in state postconviction proceedings).
 
 
 8
 Thomas also has failed to show any exceptional circumstances that would excuse his failure to show cause for his procedural default. See Murray, 477 U.S. at 496. Accordingly, we affirm the district court's determination that Thomas's state procedural default barred federal review of the merits of his claims. See Coleman, 111 S.Ct. at 2551, 2568; Finley, 481 U.S. at 554-55; Hughes, 800 F.2d at 909.[4]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Thomas's motion to submit the case on the briefs is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Thomas appealed his sentence to the Sentence Review Division of the Montana Supreme Court, which affirmed Thomas's sentence on December 2, 1977
 
 
 [2]
 The Montana Supreme Court construed Thomas's state habeas petition as a petition for postconviction relief because under Mont.Code Ann. § 46-22-101(2), relief under a state writ of habeas corpus is not available to challenge the validity of a conviction or sentence of a petitioner who is found guilty and who has exhausted the remedy of appeal. See Tecca v. McCormick, 806 P.2d 11, 12 (Mont.1990) (construing state habeas petition as petition for postconviction relief)
 
 
 [3]
 Thomas claims that his petition is not procedurally barred because (1) the Montana Supreme Court's reliance on In re McNair did not constitute an independent and adequate state ground; and (2) the procedural bar in McNair is not strictly or consistently applied. We have reviewed these claims and find them to be meritless. Cf. Harris v. Reed, 489 U.S. 255, 264 n. 10 (1989) ("the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law")
 
 
 [4]
 Thomas also contends that the district court erred in denying his federal habeas petition without conducting an evidentiary hearing. This contention lacks merit. See Van Pilon v. Reed, 799 F.2d 1332, 1338 (9th Cir.1986)