FILED

04/18/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0167

DA 16-0167

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 90N

KEITH EUGENE DOYLE,

        Petitioner and Appellant,

   v.

STATE OF MONTANA,

        Respondent and Appellee.

APPEAL FROM:    District Court of the Second Judicial District,
                  In and For the County of Silver Bow, Cause No. DV-15-360
                  Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

           Keith Eugene Doyle (Self-Represented), Shelby, Montana

        For Appellee:

           Timothy C. Fox, Montana Attorney General, Mardell Ployhar, Assistant
           Attorney General, Helena, Montana

           Eileen Joyce, Silver Bow County Attorney, Butte, Montana

                        Submitted on Briefs:  March 22, 2017

                                Decided:  April 18, 2017

Filed:

                                      _____
                                           Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Keith Eugene Doyle (Doyle) appeals from the February 12, 2016 order of the Second Judicial District Court, Silver Bow County, denying his petition for postconviction relief (PCR).  In January 2005, a jury convicted Doyle of Deliberate Homicide by Accountability and the District Court sentenced him to 65 years in the Montana State Prison.  Doyle filed an appeal with the Montana Supreme Court[1] and, on May 31, 2007, this Court affirmed his conviction in *State v. Doyle*, 2007 MT 125, 337 Mont. 308, 160 P.3d 516.  In October 2007, Doyle filed his first PCR petition with the District Court (DV 07-280), raising numerous ineffective assistance of counsel claims based on the same evidentiary issues raised in his appeal.  In April 2008, the court dismissed the petition,

---

[1] In his appeal, Doyle raised six issues:  1) whether the State violated Doyle's right to a speedy trial; 2) whether the District Court violated Doyle's Sixth Amendment right to confrontation by limiting his cross examination of the State's witness; 3) whether sufficient credible evidence existed to support Doyle's conviction of deliberate homicide by accountability; 4) whether the District Court properly denied Doyle's instruction for lesser included offenses of criminal endangerment and negligent homicide; 5) whether the District Court properly instructed the jury on the elements of "purposely" and "knowingly"; and 6) whether the District Court abused its discretion in denying Doyle's motion for mistrial.  *State v. Doyle*, 2007 MT 125, ¶¶ 3-8, 337 Mont. 308, 160 P.3d 516.

finding that his claim was barred under § 46-21-105(2), MCA.[2] Doyle appealed the District Court's denial of his PCR petition to the Montana Supreme Court and, in April 2009, this Court denied his appeal. Doyle filed, and the District Court denied, his second PCR petition in July 2013. Doyle did not appeal the court's denial of his second PCR petition. In both 2008 and 2013, Doyle also filed petitions for writ of habeas corpus with this Court, which we subsequently denied.[3]

¶3      On October 6, 2015, Doyle filed his third PCR petition in the District Court (DV 15-360). The court denied Doyle's petition as untimely because it was filed more than one year after his conviction became final. The court also found that Doyle's newly discovered evidence claims failed under § 46-21-102(2), MCA, and that his third petition was procedurally barred under § 46-21-105(1)(b), MCA. Doyle now appeals the District Court's denial of his 2015 PCR petition.

¶4      We review a district court's denial of a PCR petition to determine if the court's findings of fact are clearly erroneous and if its conclusions of law are correct. *McGarvey*

---

[2] Section 46-21-105(2), MCA, provides:
> (2) When a petitioner has been afforded the opportunity for a direct appeal of the petitioner's conviction, grounds for relief that were or could reasonably have been raised on direct appeal may not be raised, considered, or decided in a proceeding brought under this chapter. Ineffectiveness or incompetence of counsel in proceedings on an original or an amended original petition under this part may not be raised in a second or subsequent petition under this part.

[3] In denying his 2008 and 2013 habeas corpus petitions, we stated that "habeas corpus is not available to attack the validity of a conviction of a person who has been adjudged guilty of an offense and has exhausted the remedy of appeal." *Doyle v. O'Fallon,* No. OP 08-0628, 2009 Mont. LEXIS 246, at *2; *Doyle v. Frink*, No. OP 13-0290, 2013 Mont. LEXIS 290, at *2-3 (citing § 46-22-101, MCA). Doyle also filed several petitions for habeas corpus in federal district court, which were subsequently denied.

3

*v. State*, 2014 MT 189, ¶ 14, 375 Mont. 495, 329 P.3d 576.  We review de novo a district court's interpretation and application of a statute.  *Dick Irvin, Inc. v. State*, 2013 MT 272, ¶ 18, 372 Mont. 58, 310 P.3d 524.

¶5 Section 46-21-102(1), MCA, provides that a PCR petition must be filed within one year of the date that the conviction becomes final.  If an appeal is taken to this Court, then a conviction becomes final when the time for petitioning the United States Supreme Court for review expires.  Section 46-21-102(1)(b), MCA.  Under Sup. Ct. R. 13(1), the time for seeking review in the United States Supreme Court expires 90 days after the entry of the judgment or order sought to be reviewed.  Section 46-21-102(2), MCA, provides an exception to the one-year time limit of § 46-21-102(1), MCA:

> A claim that alleges the existence of newly discovered evidence that, if proved and viewed in light of the evidence as a whole *would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted*, may be raised in a petition filed within 1 year of the date on which the conviction becomes final or the date on which the petitioner discovers, or reasonably should have discovered, the existence of the evidence, whichever is later.

Section 46-21-102(2), MCA (emphasis added); s*ee Marble v. State*, 2015 MT 242, ¶ 36, 380 Mont. 366, 355 P.3d 742; *Wilkes v. State*, 2015 MT 243, ¶ 15, 380 Mont. 388, 355 P.3d 755.  Finally, a district court must dismiss "a second or subsequent petition by a person who has filed an original petition unless the second or subsequent petition raises grounds for relief that could not reasonably have been raised in the original or an amended original petition."  Section 46-21-105(1)(b), MCA.

¶6      In this case, we affirmed Doyle's conviction on May 31, 2007, and Doyle did not seek review of our decision in the United States Supreme Court. Thus, because Doyle's conviction became final on August 29, 2007, and he did not file his third PCR petition until 2015, the petition is time barred under § 46-21-102(1), MCA.

¶7      Regarding Doyle's newly discovered evidence claim, we agree with the District Court's assessment that the evidence he presents here "is a purely legal argument concerning the procedure by which he was charged. . . ." As such, we conclude that Doyle fails to allege the existence of newly discovered evidence because the evidence he provides would not establish that he did not engage in the criminal conduct for which he was convicted.

¶8      Further, after reviewing the third petition and the record in this case, we conclude that the grounds for relief upon which Doyle relies reasonably could have been raised in his first PCR petition and are thus procedurally barred. In sum, because Doyle did not appeal his third PCR petition within 90 days of our decision affirming his conviction, and because Doyle's arguments in his third PCR petition were or could have been raised in his first petition, we conclude that the District Court did not err in dismissing his PCR petition.

¶9      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law was correct.

¶10    Affirmed.


                                           /S/ MICHAEL E WHEAT


We Concur:

/S/ DIRK M. SANDEFUR
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE