FILED

11/29/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0626

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0626

JAMES WILLIAM WALKER,

Petitioner and Appellant,

v.

STATE OF MONTANA,

Respondent and Appellee.

FILED

NOV 2 8 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Self-represented Appellant James William Walker has filed a petition for rehearing of his motion for appointment of counsel, which this Court denied in a November 9, 2022 Order. We explained at that time that Walker was not entitled to counsel because the Gallatin County District Court's October 25, 2022 Order dismissed his request for postconviction relief. Walker was sentenced in 2017.

"Absent clearly demonstrated exceptional circumstances, the supreme court will not grant petitions for rehearing of its orders disposing of motions or petitions for extraordinary writs." M. R. App. P. 20(1)(d).

Walker contends that this Court and the District Court have erred. He states that, pursuant to *United States v. Morgan*, 346 U.S. 502, 74 S. Ct. 247 (1954), authority exists for "his Motion in the Nature of Writ of Error Coram Nobis, and [petitions] this Court to rehear said Motion for appointment of legal counsel."

Walker is mistaken because no such authority exists. Since October 1, 2011, coram nobis is no longer available as a remedy for postconviction relief. The Montana Legislature consolidated common law statutory remedies to challenge a sentence, conviction, or illegal incarceration under Title 46, Chapter 21, for postconviction proceedings. *In re McNair*, 189 Mont. 321, 323, 615 P.2d 916, 917 (1980); *State v. Barrack*, 267 Mont. 154, 159-60, 882 P.2d. 1028, 1031 (1994). Various bills and writs, including the writ of coram nobis,

were abolished from Montana jurisprudence by M. R. Civ. P. 60(e). His reference to *United States v. Morgan* does not apply now in a state court; morevoer, the dissent in the 1954 decision pointed out that the writ had been abolished by Rule 60(b) of the Federal Rules of Civil Procedure. *Morgan*, 346 U.S. at 513, 74 S. Ct. at 253.

Walker is not entitled to appointment of counsel, and he is not entitled to rehearing. Therefore,

IT IS ORDERED that Walker's Petition for Rehearing is DENIED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to James William Walker personally.

Dated November 28, 2022. For the Court,

By _____

Chief Justice