ORIGINAL

FILED

12/06/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0649

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0649

MAURICE R. ARCHER,

Petitioner,

v.

STATE OF MONTANA, and
EIGHTEENTH JUDICIAL DISTRICT COURT,
HONORABLE JOHN C. BROWN,

Respondents.

FILED

DEC 06 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Maurice R. Archer has filed a "Motion for Writ of Supervisory Control with Brief." We amend the caption to include the District Court. M. R. App. P. 14(6). We observe that Archer served a copy of his writ on the Clerk of the District Court for Gallatin County.

Archer contends that supervisory control is warranted over the District Court because it "is a step in the criminal case." *United States v. Morgan*, 346 U.S. 502, 74 S. Ct. 247 (1954). As grounds, Archer mentions similar motions filed in other District Courts. He concludes that "[w]ith Supervisory Control oversight the unconstitutional denial of [his] Civil Rights-Due Process of Law and Equal Protections of the Law-may be avoided."

Exercise of supervisory control is discretionary and on a case-by-case basis. M. R. App. P. 14(3). "This extraordinary remedy can be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *State v. Spady*, 2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 (citations omitted). "The case must meet one of three additional criteria: (a) [T]he other court is proceeding under a mistake of law and is causing a gross injustice; (b) [C]onstitutional issues of state-wide importance are involved; or (c) [T]he other court has granted or denied a motion for substitution of a judge in a criminal case." *Spady*, ¶ 11 (quoting M. R. App. P. 14(3)(a)-(c)).

This Court is familiar with Archer's criminal history. Archer is not entitled to a writ of supervisory control over the District Court because his proceeding there was completed years ago. Archer cannot demonstrate any criteria for such a writ. M. R. App. P. 14(3); *Spady*, ¶ 11. This Court has no proceeding over which to take control.

Archer's arguments are also mistaken because no such authority exists. Since October 1, 2011, coram nobis is no longer available as a remedy for postconviction relief. The Montana Legislature consolidated common law statutory remedies to challenge a sentence, conviction, or illegal incarceration under Title 46, Chapter 21, for postconviction proceedings. *In re McNair*, 189 Mont. 321, 323, 615 P.2d 916, 917 (1980); *State v. Barrack*, 267 Mont. 154, 159-60, 882 P.2d. 1028, 1031 (1994). Various bills and writs, including the writ of coram nobis, were abolished from Montana jurisprudence by M. R. Civ. P. 60(e). His reference to *United States v. Morgan* does not apply now in a state court. *Morgan*, 346 U.S. at 513, 74 S. Ct. at 253.

This Court takes this opportunity to clarify a prior Order. On April 26, 2016, this Court ordered "that Archer shall not file any more original proceedings attacking the validity of this 2007 conviction." *Archer v. Fender*, No. OP 16-0229, Order at 3 (Mont. Apr. 26, 2016). Even though Archer submitted a motion requesting permission recently with his writ, our prior Order was not clear in the requirements for a motion for leave to file. Therefore,

IT IS ORDERED that Archer's Motion for a Writ of Supervisory Control is DENIED and DISMISSED.

IT IS FUTHER ORDERED that henceforth, prior to filing any original proceeding with this Court, Maurice R. Archer is directed to file a motion for leave to file the pleading. The motion must be sworn under oath before a notary public, not exceed three pages in length, and make a preliminary showing that the motion has merit and meets the criteria of a prima facie case under M. R. App. P. 14(5). Only when this Court has reviewed the motion and issued an order granting leave to file may the Clerk of this Court file the

Petition. Any other original pleading that Maurice R. Archer seeks to file shall be rejected forthwith, and the Clerk shall inform Maurice R. Archer accordingly.

The Clerk of the Supreme Court is directed to provide a copy of this Order to: the Honorable John C. Brown, Eighteenth Judicial District Court; Sandy Erhardt, Clerk of District Court, Gallatin County, under Cause No. DC 06-46C; counsel of record; and Maurice R. Archer personally along with a copy of M. R. App. P. 14(5).

DATED this 6th day of December, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

3