ORIGINAL

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0643

Case Number: OP 22-0643

FILED

DEC 0 6 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

KEITH E. DOYLE,

Petitioner,

v.

ORDER

MONTANA SECOND JUDICIAL DISTRICT
COURT,

Respondent.

Keith E. Doyle has filed a motion for Writ of Supervisory Control "to provide oversight in the Second Judicial District Court regarding [his] filing of a Motion in the Nature of Writ of Error Coram Nobis."

Doyle filed his coram nobis motion in the District Court regarding his prior conviction. He was sentenced in 2005, and has repeatedly sought relief with this Court.[1] On July 2, 2019, this Court ordered that Doyle was required to file a motion for leave with the Clerk of Supreme Court before filing further petitions challenging his 2005 conviction and sentence. *See Doyle v. McTighe*, No. OP 19-0356, Order at 4 (Mont. Jul. 2, 2019) - (*Doyle X*). Doyle did not move for leave here.

Exercise of supervisory control is discretionary and on a case-by-case basis. M. R. App. P. 14(3). "This extraordinary remedy can be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *State v. Spady*, 2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 (citations

---

[1] *State v. Keith Doyle*, 2007 MT 125, 337 Mont. 308, 160 P.3d 516 (*Doyle I*); *Doyle v. State*, No. DA 08-0218, 2009 MT 105N, 2009 Mont. LEXIS 114 (Mar. 31, 2009) (*Doyle II*); *Doyle v. O'Fallon*, No. OP 08-0628, Order (Mont. Mar. 11, 2009) (*Doyle III*); *Doyle v. Frink*, No. OP 13-0290, Order (Mont. Jun. 5, 2013) (*Doyle IV*); *Doyle v. Frink*, No. OP 13-0325, Order (Mont. Jun. 5, 2013) (*Doyle V*); *Doyle v. State*, No. DA 16-0167, 2017 MT 90N, 2017 Mont. LEXIS 171 (Apr. 18, 2017) (*Doyle VI*); *Doyle v. McTighe*, No. OP 19-0356, Order (Mont. Jul. 3, 2019) (*Doyle VII*); *Doyle v. State*, No. OP 22-0052, Order (Mont. Feb. 15, 2022) (*Doyle VIII*); and *Doyle v. Salmonsen*, No. OP 22-0119, Order (Mont. Apr. 19, 2022) (*Doyle IX*).

omitted). "The case must meet one of three additional criteria: (a) [T]he other court is proceeding under a mistake of law and is causing a gross injustice; (b) [C]onstitutional issues of state-wide importance are involved; or (c) [T]he other court has granted or denied a motion for substitution of a judge in a criminal case." *Spady*, ¶ 11 (quoting M. R. App. P. 14(3)(a)-(c)).

Doyle is not entitled to a writ of supervisory control over the District Court. His proceeding in the District Court has ended, he appealed his conviction, which this Court affirmed in 2007, and in 2009, this Court affirmed the District Court's denial of his petition for postconviction relief. *See Doyle I* and *Doyle II*. This Court has no proceeding at the District Court over which to take control. *Spady*, ¶ 11; M. R. App. P. 14(3).

Furthermore, Doyle's arguments are in error because, since October 1, 2011, coram nobis is not available as a postconviction remedy. The Montana Legislature consolidated common law statutory remedies to challenge a sentence, conviction, or illegal incarceration under Title 46, Chapter 21, for postconviction proceedings. *In re McNair*, 189 Mont. 321, 323, 615 P.2d 916, 917 (1980); *State v. Barrack*, 267 Mont. 154, 159-60, 882 P.2d 1028, 1031 (1994). Various bills and writs, including the writ of coram nobis, were abolished from Montana jurisprudence by M. R. Civ. P. 60(e). His reliance upon and citation to *United States v. Morgan*, 346 U.S. 502, 513, 74 S. Ct. 247, 253, provides no assistance to him in a state court. Therefore,

IT IS ORDERED that Doyle's Motion for a Writ of Supervisory Control is DENIED and DISMISSED.

IT IS ORDERED that this matter is CLOSED as of this Order's date.

The Clerk of the Supreme Court is directed to provide a copy of this Order to: the Honorable Kurt Krueger, Second Judicial District Court; Tom Power, Clerk of District Court, Butte-Silver Bow County, under Cause No. DC 03-110C; counsel of record; and Keith E. Doyle.

DATED this 6 day of December, 2022.

Justices