ORIGINAL

FILED

04/11/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0019

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 23-0019

FILED

APR 1 1 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

STATE OF MONTANA,

     Plaintiff and Appellee,

v.

KEITH EUGENE DOYLE,

     Defendant and Appellant.

ORDER

---

Keith Eugene Doyle moves this Court for appointment of counsel and to rescind this Court's prior Order. On March 6, 2023, this Court returned Doyle's opening brief because it did not conform to the Montana Rules of Appellate Procedure, and gave him thirty days to comply. Instead, Doyle filed the aforementioned motion. He states that "the Court's Order has, 'effectively transferred the legal practitioner's statutory obligation to the untrained and unsuspecting pro se litigant,'" quoting *State v. Adams*, 2002 MT 202, ¶ 16, 311 Mont. 202, 54 P.3d 50. He further states that the submission of his initial brief "should have been sufficient as it was[.]"

Doyle is appealing the December 19, 2022 denial of his "Motion in the Nature of Writ of Error Coram Nobis," entered by District Court in Butte-Silver Bow County. The Court is familiar with Doyle's history. Doyle was convicted of deliberate homicide by accountability and sentenced in 2005, and appealed. *State v. Keith Doyle*, 2007 MT 125, 337 Mont. 308, 160 P.3d 516 (*Doyle I*). He appealed the denial of his petition for postconviction relief. *Doyle v. State*, No. DA 08-0218, 2009 MT 105N, 2009 Mont. LEXIS 114 (Mar. 31, 2009) (*Doyle II*). Since then, Doyle has repeatedly sought relief with this Court. *See Doyle v. O'Fallon*, No. OP 08-0628, Order (Mont. Mar. 11, 2009) (*Doyle III*); *Doyle v. Frink*, No. OP 13-0290, Order (Mont. Jun. 5, 2013) (*Doyle IV*); *Doyle v. Frink*, No. OP 13-0325, Order (Mont. Jun. 5, 2013) (*Doyle V*); *Doyle v. State*, No. DA 16-0167, 2017 MT 90N, 2017 Mont. LEXIS 171 (Apr. 18, 2017) (*Doyle VI*); *Doyle v. McTighe*, No.

OP 19-0356, Order (Mont. Jul. 3, 2019) (*Doyle VII*); *Doyle v. State*, No. OP 22-0052, Order (Mont. Feb. 15, 2022) (*Doyle VIII*); *Doyle v. Salmonsen*, No. OP 22-0119, Order (Mont. Apr. 19, 2022) (*Doyle IX*); and *Doyle v. Montana Second Judicial Dist. Ct.*, No. OP 22-0643, Order (Mont. Dec. 6, 2022) (*Doyle X*).

Doyle's motion is improper. Seventeen years after his conviction, his recent proceeding is considered postconviction relief. There is no right to the appointment of counsel in a postconviction proceeding, although a court may order the assignment of counsel under the circumstances outlined in § 46-8-104, MCA. Doyle has not demonstrated that extraordinary circumstances exist to justify appointment of counsel, pursuant to § 46-8-104(3), MCA. His reference to *Adams* is misapplied because that case dealt with an attorney's invalid withdrawal of representation. *Adams*, ¶ 17. Doyle represented himself in the District Court. Doyle is not entitled to rescission of this Court's Order.

Further, we conclude Doyle's appeal is not properly before this Court. The writ of coram nobis has not existed in Montana for more than eleven years. We explained this last year when we denied his writ of supervisory control:

> Furthermore, Doyle's arguments are in error because, since October 1, 2011, coram nobis is not available as a postconviction remedy. The Montana Legislature consolidated common law statutory remedies to challenge a sentence, conviction, or illegal incarceration under Title 46, Chapter 21, for postconviction proceedings. *In re McNair*, 189 Mont. 321, 323, 615 P.2d 916, 917 (1980); *State v. Barrack*, 267 Mont. 154, 159-60, 882 P.2d. 1028, 1031 (1994). Various bills and writs, including the writ of coram nobis, were abolished from Montana jurisprudence by M. R. Civ. P. 60(e).

*Doyle X*, Order, at 2.

In a 2019 Order, this Court imposed a motion for leave requirement upon Doyle before filing "any original petition challenging his 2005 conviction and sentence with this Court[.]" *Doyle VII*, at 4. We now expand that requirement to include a direct appeal as well as an original proceeding. Therefore,

IT IS ORDERED that:

1. Doyle's appeal is DISMISSED *sua sponte*;

2

2. Doyle's Motion to Appoint Counsel and Rescind Previous Order of the Court is DENIED, as moot;

3. Henceforth, prior to filing any original petition or direct appeal challenging his 2005 conviction and sentence with this Court, Doyle is directed to file a motion for leave to file the pleading. The motion must be sworn under oath before a notary public, not exceed three pages in length, and make a preliminary showing that the motion has merit and meets the criteria to state a prima facie case under M. R. App. P. 14(5). Only when this Court has reviewed the motion and issued an order granting leave to file may the Clerk of this Court file the petition or appeal. Any other pleading that Doyle seeks to file shall be rejected forthwith, and the Clerk shall inform Doyle; and

4. This matter is CLOSED as of this Order's date.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Keith Eugene Doyle personally.

DATED this __11__ day of April, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

3