FILED

11/28/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0347

DA 22-0347

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 231N

STATE OF MONTANA,

     Plaintiff and Appellee,

  v.

MATTHEW RYAN AILER,

     Defendant and Appellant.

APPEAL FROM:   District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC-2014-98
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

     For Appellant:

     Matthew Ailer, Self-Represented, Missoula, Montana

     For Appellee:

     Austin Knudsen, Montana Attorney General, Katie F. Schulz, Selene
Koepke, Assistant Attorneys General, Helena, Montana

Submitted on Briefs:  August 2, 2023

Decided:  November 28, 2023

Filed:

                  _____
                           Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Matthew Ryan Ailer appeals from the First Judicial District Court order granting his motion to dismiss his charge after completion of his deferred sentence. Ailer also appeals the portion of the order denying his outstanding motions as moot because of the dismissal of his underlying criminal conviction.[1] We affirm.

¶3 Ailer was convicted of theft by common scheme in December 2015. The District Court deferred imposition of Ailer's sentence for six years and ordered Ailer to pay a total of $70,477.87 in restitution and associated fees. We affirmed his conviction on direct appeal in *State v. Ailer*, 2018 MT 18, 390 Mont. 200, 410 P.3d 964. Ailer completed his deferred sentence without revocation.

¶4 Pursuant to § 46-18-204, MCA, the District Court granted Ailer's motion to strike the jury's verdict from the record and dismissed the charge against Ailer with prejudice. The District Court's order nullified the remaining $66,727.87 of unpaid restitution and required all records and data relating to the charge be designated as "confidential criminal

---

[1] The District Court also dismissed Ailer's Petition for Postconviction Relief after granting Ailer's motion to dismiss his underlying criminal conviction. Ailer appealed the dismissal of his Petition, which we affirmed in *Ailer v. State*, DA 22-0346, 2023 MT 198N, 2023 Mont. LEXIS 1054. Ailer's arguments here largely track, verbatim, the arguments we rejected in that case. Because Ailer's arguments were the same, our analysis here is likewise similar.

justice information."[2]  The District Court dismissed Ailer's outstanding motions for relief from formal order, to have wrongful charges dismissed, and to adjust or waive restitution without reaching their merits, reasoning the dismissal of the criminal case precluded the court from any further avenues of relief.

¶5     We review a district court's decision to grant or deny a post-trial motion in a criminal case for abuse of discretion.  *State v. Erickson*, 2018 MT 9, ¶ 10, 390 Mont. 146, 408 P.3d 1288 (citation omitted).  Whether a case or issue is moot presents a question of law, which we review for correctness.  *Wilkie v. Hartford Underwriters Ins. Co.*, 2021 MT 221, ¶ 6, 405 Mont. 259, 494 P.3d 892 (citations omitted).

¶6     "A district court abuses its discretion if it acts arbitrarily without conscientious judgment or exceed[s] the bounds of reason resulting in substantial injustice."  *State v. Rossbach*, 2022 MT 2, ¶ 12, 407 Mont. 55, 501 P.3d 914 (citation omitted).

¶7     After imposing a deferred sentence, a district court may dismiss the criminal case and accompanying conviction after the time during which the sentence has been deferred is completed, provided no revocation proceedings are ongoing.  Section 46-18-204, MCA.

¶8     By the time the District Court granted Ailer's motion to dismiss under § 46-18-204, MCA, the time during which imposition of his sentence had been deferred had passed and the State's petition to revoke had been dismissed.  As such, Ailer satisfied all statutory criteria for dismissal after a deferred imposition of sentence.  The District Court did not abuse its discretion in granting Ailer's motion to dismiss.

---

[2] The State concedes on appeal that the District Court's order dismissing the criminal case against Ailer nullified his outstanding restitution obligation of $66,727.87.

3

¶9      An issue presented at the outset of an action may, due to some intervening event or circumstance, become moot; that is, it ceases to exist or is no longer capable of adjudication. *State v. Benn*, 2012 MT 33, ¶ 9, 364 Mont. 153, 274 P.3d 47. "The fundamental question to be answered in any review of possible mootness is whether it is possible to grant some form of effective relief to the appellant." *Wilkie*, ¶ 8 (citation omitted). When there is no effective relief available to the court, "[a]ny further ruling in such a case would constitute an impermissible advisory opinion." *Wilkie*, ¶ 8 (citation omitted).

¶10     The District Court concluded Ailer's three outstanding motions became moot when it granted Ailer's motion to dismiss the criminal case from which he sought relief. Ailer effectively seeks reversal of his own requested relief so he can continue to litigate his contention that he was wrongfully convicted.

¶11     Ailer relies on cases holding collateral legal consequences of a conviction can establish a justiciable controversy when a petitioner mounting an attack on the validity of the conviction or sentence was not in custody or the sentence had expired. *See, e.g., Pollard v. United States*, 352 U.S. 354, 77 S. Ct. 481 (1957); *White Sulphur Springs v. Voise*, 136 Mont. 1, 343 P.2d 855 (1959); *State v. Sandley*, 192 Mont. 54, 626 P.2d 248 (1981). Ailer's reliance on this line of cases is misplaced. In those cases, the defendants had merely completed their respective sentences. In this case, Ailer not only completed his sentence, but successfully sought relief from it by moving the District Court for dismissal under § 46-18-204, MCA. Unlike the cases upon which Ailer relies, in which

4

the conviction survived the expiration of the sentence, Ailer's conviction has been extinguished.

¶12    By way of analogy, the State relies on *State v. Benn*.  In *Benn*, we held that the defendant's death while his appeal was pending mooted the appeal and ineffective assistance of counsel claims.  *Benn*, ¶ 16.  While not squarely analogous, the case is instructive.  In this case, it is the demise of Ailer's conviction, rather than the defendant himself, that precludes the District Court from granting further relief or reaching the merits of Ailer's motions.

¶13    Ailer's arguments regarding the collateral consequences flowing from the criminal case against him are unpersuasive.  Section 46-18-204(1), MCA, provides in relevant part that a court dismissing a felony charge after deferred imposition of sentence "shall strike . . . the verdict of guilty from the record and order that the charge or charges against the defendant be dismissed."  Once a charge is dismissed under this section, "the defendant has no 'conviction' as contemplated by the persistent felony offender statute."  *State v. Gladue*, 209 Mont. 235, 240, 679 P.2d 1256, 1259 (1984).  Dismissal after a deferred sentence negates the effect of that conviction for purposes of stacking offenses and sentence enhancements in future prosecutions.    *State v. Tomaskie*, 2007 MT 103, ¶¶ 15-16,  337 Mont. 130, 157 P.3d 691 (regarding stacking offenses); *State v. Thibeault*, 2021 MT 162, ¶ 14, 404 Mont. 476, 490 P.3d 105 (regarding sentence enhancements).  The impact of Ailer's now dismissed charge is further dampened by Montana's restoration of rights statute, which states:

> Except as provided in the Montana constitution, if a person has been deprived of a civil or constitutional right by reason of conviction for an offense and the person's sentence has expired or the person has been pardoned, the person is restored to all civil rights and full citizenship, the same as if the conviction had not occurred.

Section 46-18-801, MCA.

¶14 In certain circumstances, a moot case may still be justiciable under one of three exceptions to the mootness doctrine. The first exception arises when the alleged wrong is capable of repetition but evades review. *Cape v. Crossroads Corr. Ctr.*, 2004 MT 265, ¶ 25, 323 Mont. 140, 99 P.3d 171 (citation omitted). This requires: (1) "the challenged conduct is inherently of limited duration, so as to evade review"; and (2) "there [is] a reasonable expectation the same complaining party [will] be subject to the same action again." *Havre Daily News, LLC v. City of Havre*, 2006 MT 215, ¶ 34, 333 Mont. 331, 142 P.3d 864 (citing *Spencer v. Kemna*, 523 U.S. 1, 17-18, 118 S. Ct. 978, 988 (1998)).

¶15 Ailer cannot establish the applicability of this exception because, even assuming the first prong of this inquiry can be met, he cannot show a reasonable expectation he will be subject to the same criminal charge or the State's accompanying conduct again. The charge against Ailer has been dismissed with prejudice.

¶16 The second exception applies when a defendant voluntarily ceases their actionable conduct to avoid an undesirable judgment on the merits. *Wilkie*, ¶ 9 (citation omitted).

¶17 Ailer argues the State, by moving to dismiss its petition to revoke Ailer's deferred sentence for failure to pay outstanding restitution, has voluntarily ceased its alleged wrongful conduct to avoid an unfavorable decision. This is incorrect. As the State

6

correctly notes, it was Ailer's own motion which led to the dismissal of the criminal case and mooted his other motions.

¶18   The final exception holds when: (1) the case presents an issue of public importance; (2) the issue is likely to recur; and (3) an answer to the issue will guide public officers in the performance of their duties. *Ramon v. Short*, 2020 MT 69, ¶ 21, 399 Mont. 254, 460 P.3d 867 (citation omitted).

¶19   Ailer argues this exception applies because the State's "egregious misconduct" is of sufficient public importance and perpetual nature. However, even assuming Ailer has established those two prongs, he fails to establish that an adjudication of the merits of his claims will guide public officers in the performance of their duties. Ailer's frequent citations to ethical standards of both judges and counsel; statutory disclosure duties; and case law governing the conduct of judges, prosecutors, and defense counsel show no such void of guidance exists.

¶20   Simply put, in the eyes of the law, Ailer has not been convicted of a crime. Ailer seeks to reopen his case to pursue a remedy which has already been granted: dismissal and no record of conviction. It is not just that challenging a conviction that has ceased to exist is precisely the kind of case in which no further effective relief can be granted—effective relief has already been granted.[3]

---

[3] Ailer filed a motion for the Court to take judicial notice of evidence offered to impeach the credibility of two of the State's witnesses at trial pursuant to M. R. Evid. 201 and 202. As there is no longer any conviction from which Ailer can seek relief, the evidence Ailer offers does not bear on our decision. His motion is denied.

¶21 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. The District Court's interpretation and application of the law were correct.

¶22 Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR