No. 13159

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

THE STATE OF MONTANA,

                    Plaintiff and Respondent,

    -vs-

ROBERT F. SATTLER,

                    Defendant and Appellant.

---

Appeal from:  District Court of the Third Judicial District,
              Honorable Robert J. Boyd, Judge presiding.

Counsel of Record:

    For Appellant:

        John Prater, Terry, Montana

    For Respondent:

        Hon. Robert L. Woodahl, Attorney General, Helena,
         Montana
        Joseph Connors, County Attorney, Anaconda, Montana

        Argument submitted on briefs.

---

                          Submitted:  April 21, 1976

                          Decided: MAY 13 1976

Filed: MAY 1 1976

*Thomas J. Kearney*
                                              Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from the refusal of the district court Deer Lodge County to allow a convicted felon to withdraw his plea of guilty.

The facts are not in dispute. Robert F. Sattler and his wife were arrested by the authorities of Deer Lodge County and charged with the crime of aggravated burglary on or about February 20, 1975. Tim W. Reardon, Deer Lodge County Public Defender, contacted the couple in the county jail at Anaconda on February 21, 1975. He was informed that Lynn Sattler, the wife, was pregnant and she was having some difficulties in jail due to her pregnancy. Defense counsel found that bail for $10,000 for each person had been set and neither could make bail. Thereafter, defense counsel contacted the county attorney's office and arrangements were made for the couple to waive preliminary hearing and Lynn Sattler was released on her own recognizance.

On that same date, February 21, another felony charge was filed in the adjacent county of Silver Bow charging the couple with the crime of armed robbery of Fairmont Hot Springs, a resort situated between Butte and Anaconda, Montana. Sattler entered a plea of not guilty to that charge on March 5, 1975.

During this period, Reardon informed Sattler there would be a change of defense counsel under the Defender Project sometime in March and on March 17, 1975, Mr. John Prater was appointed Public Defender for the third judicial district and assumed the defense of the instant case. Reardon agreed to assist Prater and discussed all the details of the case with him. Counsel discussed the possibility of plea bargaining with the county attorney's office at the request of defendant Sattler, and pursuant thereto he changed his not guilty plea to guilty and was sentenced to 20 years in the state prison.

As part of the plea bargain Lynn Sattler was to enter a plea of guilty (she did so on May 17, and thereafter received an 8 year suspended sentence) and no charges would be prosecuted by the authorities of Silver Bow County on the armed robbery. Thereafter on the same day of defendant's plea, the evidence on the burglary charge was returned to its owner.

On April 3, defendant escaped from the county jail. He was later apprehended and plead guilty to an escape charge.

On May 14, 1975, defendant through a new counsel, moved the court to withdraw his guilty plea. His motion was denied.

The sole issue is whether or not under the facts the district court erred in refusing to allow defendant to withdraw his plea.

This Court cannot imagine a stronger fact situation in support of a district court's decision to not allow a withdrawal of a guilty plea. For two months defendant through competent counsel dealt with and received every consideration the authorities of two counties in which he is alleged to have committed serious felonies, could give. His wife, also charged with the felonies, spent but one day in jail, was allowed to go free on her own recognizance and ultimately received a suspended sentence. Now that the evidence of his burglary has been returned to its rightful owner and may no longer be available for use at trial, defendant wants to play games with the court.

In State v. Griffin, ____Mont.____, 535 P.2d 498, 504, 32 St.Rep. 446, 455, the Court stated:

> "* * * The trial judge has complete discretion in this matter, section 95-2206, R.C.M. 1947 * * *."

See also: State v. Scalise, 131 Mont. 238, 309 P.2d 1010; State v. Pelke, 143 Mont. 262, 389 P.2d 164.

Here, defendant is trying to enjoy all of the benefits of his plea bargaining arrangement without complying with it. In State v. Nance, 120 Mont. 152, 166, 184 P.2d 554, the Court said:

"* * * it will not lend its assistance to an accused criminal in escaping the obligations of his agreement after accepting the benefits thereof."

The decision of the district court is affirmed.

_John Conway Harrison_
Justice

We Concur:

_Wesley Castles_

_Mark J. Haswell_

_Gene B. Daly_
Justices.

- 4 -