DA 21-0298

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2022 MT 147N

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

SARAH MARIE STRONG,

      Defendant and Appellant.

APPEAL FROM:     District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause Nos. ADC 2014-375,
ADC 2014-387, ADC 2014-442, ADC 2021-53
Honorable Mike Menahan, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chad Wright, Appellate Defender, James Reavis, Assistant Appellate
Defender, Helena, Montana

      For Appellee:

          Austin Knudsen, Montana Attorney General, Jonathan M. Krauss, Assistant
Attorney General, Helena, Montana

          Leo J. Gallagher, Lewis and Clark County Attorney, Katie Jerstad, Deputy
County Attorney, Helena, Montana

Submitted on Briefs: June 8, 2022

Decided: July 19, 2022

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Sarah Marie Strong (Strong)[1] appeals from several judgments relating to various felony and misdemeanor offenses entered by the First Judicial District Court, Lewis and Clark County. We affirm and remand.[2]

¶3 In 2015, the District Court sentenced Strong to three concurrent 10-year commitments to the Department of Corrections (DOC), with all time suspended and with conditions, restitution, and credit for pretrial incarceration (DC-2014-375, DC-2014-387, and DC-2014-442). These suspended sentences were to run consecutively to five-year DOC commitments imposed in four unrelated cases. Strong discharged the five-year commitments and began serving the three concurrent 10-year suspended sentences on April 23, 2020. In July 2020, the State filed a petition to revoke Strong's suspended

---

[1] Strong has previously been referred to as Sarah Grady, Sarah Mitchell, and Sarah Strong-Mitchell.

[2] Strong raises an additional issue concerning the imposition of Condition 27 of her suspended sentence in DC-2021-53. Condition 27 required Strong to pay all costs of future incarceration and medical costs while incarcerated. The State concedes that this Condition should be stricken from the judgment. Accordingly, we remand to strike Condition 27 and will not address the issue further.

sentences based on her violation of the conditions of probation and her commission of new crimes.

¶4 Strong and the State entered into a global plea agreement wherein Strong agreed to plead guilty to two new subsequent offenses and the resulting revocation of her three 10-year suspended sentences in exchange for a joint sentencing recommendation. In the plea agreement, Strong requested credit for time served on her revoked sentences. On March 10, 2021, pursuant to the plea agreement, the District Court revoked Strong's previous suspended sentences, sentenced her to three concurrent 10-year DOC commitments on DCs 2014-375, -387, and -442, and took judicial notice of Strong's guilty pleas to the new charges for felony criminal possession of drugs with intent to distribute (DC-2021-53) and misdemeanor driving under the influence (DUI) (DC-2020-511). Regarding DC-2021-53, the District Court sentenced Strong to 10 years at the Montana Women's Prison, with all time suspended, and ran the sentence consecutive to her 10-year DOC commitments and DUI sentence. Regarding DC-2020-511, the District Court sentenced Strong to six months in Lewis and Clark County Jail, with all but 24 hours suspended, and gave her credit for time served.

¶5 Based on dates provided by Strong, the District Court granted Strong the following credits against her three sentences and reduced each 10-year commitment accordingly: 59 days (DC-2014-375); 61 days (DC-2014-387); and 226 days (DC-2014-442). The District Court further suggested placement in an appropriate chemical dependency treatment program and recommended the same conditions as the original judgments should Strong be granted conditional release or parole.

¶6     Strong filed a consolidated appeal of all five cases. The issue raised on appeal is whether Strong is bound to her voluntary global plea agreement's calculation of time served.

¶7     We review a criminal sentence of at least one year of actual incarceration for legality only. *State v. Parks*, 2019 MT 252, ¶ 7, 397 Mont. 408, 450 P.3d 889. A sentence is legal if it falls within the parameters set by applicable sentencing statutes and if the sentencing court adheres to the affirmative mandates of the applicable sentencing statutes. *Parks*, ¶ 7. A determination of legality is a question of law that we review de novo. *State v. Seals*, 2007 MT 71, ¶ 7, 336 Mont. 416, 156 P.3d 15.

¶8     On appeal, Strong argues that our decisions in *Killam v. Salmonsen*, 2021 MT 196, 405 Mont. 143, 492 P.3d 512, and *State v. Mendoza*, 2021 MT 197, 405 Mont. 154, 492 P.3d 509—issued while her appeal was pending—rendered the District Court's calculation of time served erroneous. However, Strong is bound to her plea agreement's calculation of time served. Strong does not seek to *withdraw* her plea, nor does she allege that her sentence was illegal or that her plea agreement was involuntary or otherwise defective. Instead, Strong argues this Court should recalculate her time served—which the District Court calculated based on dates she provided—while retaining the other benefits of her plea agreement. We have consistently rejected attempts to "enjoy all of the benefits of [a] plea bargaining arrangement without complying with it." *State v. Sattler*, 170 Mont. 35, 37, 549 P.2d 1080, 1081 (1976). *See also State v. Nance*, 120 Mont. 152, 166, 184 P.2d 554, 561 (1947) ("[This Court] will not lend its assistance to an accused criminal in escaping the obligations of his agreement after accepting the benefits thereof."). Strong

4

attempts to enjoy the benefits of her plea agreement while crediting her with more time served than she initially calculated. Strong's plea agreement was not involuntary or defective, nor was Strong's sentence illegal. Strong's sentence fell within applicable statutory parameters and the District Court adhered to the applicable sentencing statutes. The District Court gave Strong the credit for time served which she had requested.

¶9 We remand to strike Condition 27 of the District Court's judgment in DC-2021-53. The District Court's judgments and sentences are otherwise affirmed.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

/S/ LAURIE McKINNON

We concur:

/S/ JIM RICE
/S/ INGRID GUSTAFSON
/S/ DIRK M. SANDEFUR
/S/ BETH BAKER

5